IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT MYER                 :   CIVIL ACTION
                                        :
       v.                           :
                                        :  NO. 17-958
JOHN E. WETZEL, *et al.*         :

# ORDER

**AND NOW** this 3rd day of April 2018, upon considering Robert Myer's Petition for writ of *habeas corpus* (ECF Doc No. 1), the District Attorney's Answer (ECF Doc. No. 15), Mr. Myer's objections (ECF Doc. No. 18) and following careful and independent review of the Honorable Thomas J. Rueter's March 15, 2018 well-reasoned Report and Recommendation (ECF Doc No. 16), it is **ORDERED**:

1. We **APPROVE and ADOPT** Judge Rueter's well-reasoned Report and Recommendation (ECF Doc No. 16)[1].

---

[1] Mr. Myer had until March 16, 2004 to timely petition for *habeas* relief. Mr. Myer petitioned for *habeas* relief on March 2, 2017 under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Mr. Myer petitioned for relief beyond the March 17, 2004 deadline. Without statutory or equitable tolling, Mr. Myer's petition is untimely.

As Judge Reuter detailed, Mr. Myer had until February 4, 2013 to petition this Count under statutory tolling. Mr. Myer's January 7, 2013 PCRA petition does not toll the statute of limitations as the state court held it untimely and untimely petitions do not toll the statute of limitations. Mr. Myer's petition is untimely applying statutory tolling. Mr. Myer admits his active review of his case in state court including communications with his counsel. ECF Doc. No. 1. But he did not timely pursue the *habeas* relief.

Mr. Myer claims if his petition is untimely under the AEDPA, we should still hear his claim because of equitable tolling. Mr. Myer pleads his state court counsel and post-conviction counsel did not communicate with him about the denials in his post-conviction proceedings. ECF Doc. No. 16 pp. 6-7.

2. We **DENY and DISMISS** Mr. Myer's Petition for writ of *habeas corpus* (ECF Doc No. 1) with prejudice and without an evidentiary hearing;

3. There is no probable cause to issue a certificate of appealability as Mr. Myer has not demonstrated reasonable jurists would debate the correctness of the procedural aspects of this ruling nor has he made a substantial showing of the denial of a constitutional right; and,

4. The Clerk of Court shall **close** this case.

KEARNEY, J.

---

The AEDPA statute of limitations may be extended by equitable tolling. *Holland v. Florida*, 560 U.S. 631, 647-49 (2010). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with Mr. Myer. *Pace v. DiGuglielmo*, 544 U.S. at 418 (2005). To obtain the benefits of equitable tolling, Mr. Myer must satisfactorily show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id* To satisfy the second prong Mr. Myer must show "the circumstances that caused [Mr. Myer's] delay are both extraordinary *and* beyond [his] control." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 756 (2016) (emphasis in original). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005). To otherwise apply equity would "loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Mr. Myer's counseled petition does not explain how his state or PCRA's counsel's alleged failure to communicate prevented him from petitioning this Court within the statute of limitations. There is no allegation of the state misleading him or a misfiling causing a delay. Mr. Myer could only benefit from equitable tolling upon pleading facts showing this alleged breakdown in communication prevented him for timely filing a *habeas* petition. Mr. Myer admits his diligence in following-up with counsel and, when necessary, filing several pleadings in the state PCRA proceeding, including without the aid of counsel. ECF Doc. No. 1, ¶¶ 20-26. Mr. Myer fails to show extraordinary circumstances caused delay in filing the federal *habeas* petition. Equitable tolling does not apply to Mr. Myer's claims and without equitable tolling his AEDPA claim is untimely.

2